UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DANE DOUGLAS
               Plaintiff,                :

    v.

FLAGSHIP CREDIT ACCEPTANCE LLC;        :     Civil Action No.:
JANE DOE,
               Defendants.             :

## COMPLAINT

**A.**    **Jurisdiction and Venue**

    1.    Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

    2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.**    **Parties**

    3.    Plaintiff Dane Douglas is a natural person who resides at 807 Gap-Newport Pike, Atglen, PA 19310.

    4.    Defendant Flagship Credit Acceptance LLC, ("Flagship") is a corporation with principal offices at 211 E 7Th St Ste 620, Austin, TX 78701. Flagship is a creditor who, in the process of collecting its own debts, uses a name other than its own which would indicate that a third person is collecting or attempting to collect such debts and is therefore a debt collector as defined by 15 U.S.C. §1692a(6).

5. Defendant Jane Doe, who uses the believed dunning name of "Inspector Moore" is a natural person employed by Defendant Flagship as a collection agent. Jane Doe is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as further described below.

C. **Factual Allegations**

**The Debt**

6. The disputed debt in question is with reference to a car loan taken out by plaintiff in January, 2009 from Flagship to purchase a used 2005 Range Rover (the "Car").

7. In or around April/May, 2011, plaintiff fell became late in his monthly loan payments to Flagship due to engine and transmission problems costing him over $8,000 to repair.

**Collection of the Debt**

8. On or about August, 24, 2011, Jane Doe called plaintiff's parents, Louis and Priscilla Douglas, with regards to the Car.

9. Identifying herself again as "Inspector Moore", Jane Doe advised plaintiff's mother, Priscilla Douglas, to tell her son to return the Car.

10. Jane Doe threatened plaintiff's mother that if she did not do as she instructed:

   a. She would subpoena plaintiff's family to testify in a criminal court proceeding;

   b. Plaintiff's mother would have to get a criminal lawyer to represent her in that court proceeding.

11. On or about August, 25, 2011, plaintiff received a phone call from Jane Doe wherein she stated she was "Inspector Moore" from "the Department of Public Safety".

12. Jane Doe stated in said call that plaintiff was late on his payment and must return

the Car or she would file criminal charges and that his family would be forced to testify at a criminal hearing against him.

13. Plaintiff advised he had an agreement with Flagship to pay what he owed, but Inspector Moore advised plaintiff to stop paying and to return the car instead.

14. On or about September 19, 2011, Inspector Moore advised plaintiff that she would send a subpoena for plaintiff to appear in a criminal court proceeding if the Car's location information was not given to her to facilitate repossession of the car.

15. Defendants' phone calls caused plaintiff to believe Jane Doe was from a law enforcement agency empowered to bring criminal charges against him.

16. Defendants never charged plaintiff with any criminal activity.

17. Plaintiff has suffered severe emotional distress, anxiety, and embarrassment as a result of defendants' conduct which continues in the form of harassing and abusive telephone calls to plaintiff.

18. At all times relevant hereto, defendant Flagship acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment in accordance with the knowledge and training of Flagship management.

**D.     Cause of Action**

### COUNT I – Violations of the FDCPA

19. The allegations above are re-alleged and incorporated herein by reference.

20. At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by

15 U.S.C. § 1692a(5).

21. Defendants, by their conduct as described above, violated the FDCPA as follows:

   a) §1692 b(1), Contacted third parties and failed to state that collector is confirming or correcting location information;

   b) §1692 b(2), Contacted third parties and stated that the consumer owes any debt;

   c) §1692c(b), Contacted third parties other than consumer, consumer's attorney, or credit bureau concerning the debt;

   d) §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person in that defendant is not affiliated with law enforcement;

   e) §1692e(5) Threatened to take an action that is not legally possible and that is not intended to be taken;

   f) §1692e(7) stated that the consumer had committed a crime;

   g) §1692e(14) used a name other than the collector's business;

   h) §1692e(10) and e(2) used false representation or deceptive means to collect a debt and misled plaintiff as Inspector Moore being a law enforcement officer.

## COUNT II - INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

22. The allegations above are re-alleged and incorporated herein by reference.

23. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff by involving family members in notice of and collection of a debt which family members were wholly unrelated to said debt.

24. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

25. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' respective solitude, seclusion, and or private concerns or affairs.

26. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

27. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA.

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Actual damages;

D. Punitive damages;

E. Reasonable attorney fees and costs.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated: <u>November 7, 2011</u>　　　　　　　　　　　<u>RC935</u>
　　　　　　　　　　　　　　　　　　　　　　　By:  Robert P. Cocco, Esquire
　　　　　　　　　　　　　　　　　　　　　　　Pa. Id. No.
　　　　　　　　　　　　　　　　　　　　　　　1500 Walnut Street, Suite 900
　　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　　　　215-351-0200

                BENSLEY LAW OFFICES, LLC
William Bensley, Esquire
Identification No.:  61907
1500 Walnut Street - Suite 900
Philadelphia, PA  19102

Attorneys for Plaintiff