## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

DANE DOUGLAS;
PRISCILLA DOUGLAS,
                    Plaintiff,                        :

               v.

FLAGSHIP CREDIT ACCEPTANCE LLC;        :        Civil Action No.: 11-7055
FRANK FISCHER;
KATHY MOORE;
SECURED INVESTIGATIVE SERVICES LLC
                    Defendants.               :

### SECOND AMENDED COMPLAINT

**A.**    **Jurisdiction and Venue**

    1.    Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court.

    2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.**    **Parties**

    3.    Plaintiff Dane Douglas is a natural person who resides at 807 Gap-Newport Pike, Atglen, PA 19310.

    4.    Plaintiff Priscilla Douglas is a natural person who resides at 807 Gap-Newport Pike, Atglen, PA 19310.

    5.    Defendant Flagship Credit Acceptance LLC, ("Flagship") is a corporation with principal offices at 211 E 7th St., Ste 620, Austin, TX 78701.

    6.    Defendant Frank Fischer is a natural person employed by Defendant Flagship as a collection agent and/or some other titled capacity.

7. Defendant Secured Investigative Service LLC, ("SIS") is a corporation with principal offices at 3481 S Dixie Highway # 307, Middletown, OH 45005-5717. SIS regularly collects debts due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

8. Defendant Jane Doe, who uses the believed dunning name of "Inspector Moore" or "Kathy Moore" is a natural person and is a member of SIS. Jane Doe is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as further described below.

## C.  <u>Factual Allegations</u>

<u>The Debt</u>

9. The disputed debt in question is with reference to a car loan taken out by plaintiff in January, 2009 from Flagship to purchase a used 2005 Range Rover (the "Car").

10. In or around April/May, 2011, plaintiff fell became late in his monthly loan payments to Flagship due to engine and transmission problems costing him over $8,000 to repair.

<u>Collection of the Debt – Contact with Priscilla Douglas</u>

11. On or about August, 24, 2011, Jane Doe called plaintiff's parents, Louis and Priscilla Douglas, with regards to the Car.

12. Identifying herself as "Inspector Moore", Jane Doe advised plaintiff Priscilla Douglas, to tell her son to return the Car.

13. Jane Doe threatened plaintiff Priscilla Douglas that if she did not do as she instructed:

   (a) She would plaintiffs' family to testify in a criminal court proceeding;

   (b) Plaintiff Priscilla Douglas would have to get a criminal lawyer to represent her in that court proceeding.

Collection of the Debt – Contact with Dane Douglas

14.     On or about August, 25, 2011, plaintiff Dane Douglas received a phone call from Jane Doe wherein she stated she was "Inspector Moore" from "the Department of Public Safety".

15.     Jane Doe stated in said call that plaintiff was late on his payment and must return the Car or she would file criminal charges and that his family would be forced to testify at a criminal hearing against him.

16.     During the aforesaid call, defendant Fischer was on the phone while Jane Doe made her statements, misrepresentations, and threats to plaintiff.

17.     Plaintiff advised he had an agreement with Flagship to pay what he owed, but Jane Doe advised plaintiff to stop paying and to return the car instead.

18.     On or about September 19, 2011, Jane Doe advised plaintiff that she would send a subpoena for plaintiff to appear in a criminal court proceeding if the Car's location information was not given to her to facilitate repossession of the car.

19.     Defendants' phone calls caused plaintiff to believe Jane Doe was from a law enforcement agency empowered to bring criminal charges against him.

20.     Defendants never charged plaintiff with any criminal activity.

21.     At all times herein, defendants Fischer and Flagship knew or should have known that Jane Doe was not a member of law enforcement or otherwise associated with any public entity and that any representation of such by Jane Doe was false.

22.     Plaintiff has suffered severe emotional distress, anxiety, and embarrassment as a result of defendants' conduct which continues in the form of harassing and abusive telephone calls to plaintiffs.

3

23.     At all times relevant hereto, defendant Flagship acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment in accordance with the knowledge and training of Flagship management.

24.     At all times relevant hereto, defendant Jane Doe acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment in accordance with the knowledge and training of SIS management.

**D.     Cause of Action**

### COUNT I – Violations of the FDCPA
*(Plaintiffs v. Defendants SIS and Jane Doe)*

25.     The allegations above are re-alleged and incorporated herein by reference.

26.     At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27.     Defendants, by their conduct as described above, violated the FDCPA as follows:

a)   §1692 b(1), Contacted third parties and failed to state that collector is confirming or correcting location information;

b)   §1692 b(2), Contacted third parties and stated that the consumer owes any debt;

c)   §1692c(b), Contacted third parties other than consumer, consumer's attorney, or credit bureau concerning the debt;

d)   §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person, including a non-debtor such as plaintiff Priscilla Douglas, in that defendant is not affiliated with law enforcement;

e)   §1692e(5) Threatened to take an action that is not legally possible and that is not intended to be taken;

f)   §1692e(7) stated that the consumer had committed a crime;

g)  §1692e(14) used a name other than the collector's business;

h)  §1692e(10) and e(2) used false representation or deceptive means to collect a debt and misled plaintiff as Inspector Moore being a law enforcement officer.

## <u>COUNT I – INVASION OF PRIVACY</u>
*(Plaintiff Priscilla Douglas v. All Defendants)*

28.     The allegations above are re-alleged and incorporated herein by reference.

29.     Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff by involving a work colleague in notice of and collection of a debt who was unrelated to said debt.

30.     Defendants intentionally and knowingly caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt by making public private facts and intruding upon plaintiff's seclusion, as described herein.

31.     Plaintiff had a reasonable expectation of privacy in Plaintiff's respective solitude, seclusion, and or private concerns or affairs.

32.     The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

33.     The actions of defendant as before described were reckless, outrageous, willful, and wanton, thereby justifying the imposition of exemplary, treble, and/or punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.  Statutory damages pursuant to 15 U.S.C. § 1692k;

B.  Actual damages pursuant to 15 U.S.C. § 1692k[1];

C.  Reasonable attorney fees and costs.

D.  As a result of such invasions of privacy, Plaintiff is entitled to actual and punitive

damages in an amount to be determined at trial from Defendant

## TRIAL BY JURY

34.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const.

amend. 7. Fed. R. Civ. Pro. 38.


Dated: <u>May 15, 2012</u>                                RC935
                                                         By:  Robert P. Cocco, Esquire
                                                         Pa. Id. No.
                                                         1500 Walnut Street, Suite 900
                                                         Philadelphia, PA 19102
                                                         215-351-0200

                                                         BENSLEY LAW OFFICES, LLC
                                                         William Bensley, Esquire
                                                         Identification No.:  61907
                                                         1500 Walnut Street - Suite 900
                                                         Philadelphia, PA  19102

                                                         Attorneys for Plaintiff

---

1 Under the FDCPA, "Actual damages" not only include any out of pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish or emotional distress. *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1991), *McGrady v. Nissan Motor Acceptance Corp.*, 40 F. Supp. 2d 1323 (M.D. Ala. 1988), *Dennis v. BEH-1, LLC*, 504 F.3d 892, 895 (9th Cir. 2007), *Anderson v. United Finance Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982).